# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRADY CORPORATION and BRADY WORLDWIDE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ERIC WOOD and TAILORED LABEL PRODUCTS, INC., <br><br> Defendants. | Case No. 24-CV-265-JPS <br><br> **ORDER** |

Before the Court is Defendants Eric Wood and Tailored Label Products, Inc.'s ("Defendants") Civil Local Rule 7(h) expedited motion to stay discovery until the Court has ruled on Defendants' motion to dismiss Plaintiffs Brady Corporation and Brady Worldwide, Inc.'s ("Plaintiffs") first amended complaint. ECF No. 29 (7(h) expedited motion to stay); ECF No. 25 (pending motion to dismiss). Plaintiffs oppose the motion, ECF No. 31, and for the reasons stated herein, it will be denied.

The Court may limit discovery "for good cause" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court "enjoy[s] extremely broad discretion in controlling discovery" and "[i]t is the movant's burden to show that good cause exists for a stay." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013); *Hayes v. Bd. of Educ. for City of Chi.*, No. 21 C 1198, 2021 WL 8153761, at *1 (N.D. Ill. Dec. 22, 2021) (citing *Harper v. Cent. Wire, Inc.*, No. 19 C 50287, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020)).

The Court well agrees with Plaintiffs that Defendants have not met their burden. Defendants argue that discovery may be "unnecessary" due to the pending motion to dismiss, particularly because if the motion is granted as to Plaintiffs' "sole federal claim, th[e] Court will very likely relinquish jurisdiction over [the] remaining [state law] claims." ECF No. 29 at 2, 3 (citing *Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016)). However, nothing in the Federal Rules suggests that cases are to be halted any time a potentially dispositive motion is filed, especially when the motion does not touch upon alleged jurisdictional defects. *See Simstad v. Scheub*, No. 2:07 CV 407, 2008 WL 1914268, at *1 (N.D. Ill. Apr. 29, 2008) ("The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion . . . .") (citing *In re Sulfuric Acid*, 231 F.R.D. 331, 336 (N.D. Ill. 2005); *Sprague v. Brook*, 149 F.R.D. 575, 577–78 (N.D. Ill. 1993); and *Walsh v. Heilmann*, 472 F.3d 504, 505 (7th Cir. 2006)); *see also Omegbu v. Wis. Elections Bd.*, No. 05 C 596, 2006 WL 581210, at *1 (E.D. Wis. Feb. 6, 2006).

Defendants have not argued that Plaintiffs' discovery requests are overbroad, oppressive, or unduly burdensome. Conversely, Plaintiffs represent that their discovery requests are "relevant and narrowly tailored." ECF No. 31 at 3. Plaintiffs were able to formulate such narrowly tailored discovery requests because the parties prepared and submitted a joint set of jury instructions in connection with the motion to dismiss. *Id.*; *see also* ECF No. 27 (joint proposed jury instructions laying out the elements of Plaintiffs' claims); ECF No. 5 at 5 (Court's pretrial order explaining that agreeing on proposed jury instructions at the outset of a case "will provide an excellent blueprint for completion of relevant, narrowly tailored discovery"). Absent any argument from Defendants on the issue, the Court

Page 2 of 3

Case 2:24-cv-00265-JPS    Filed 08/28/24    Page 2 of 3    Document 32

has no independent basis to question this assertion, because in the final analysis, the burden is on Defendants to show that a stay is warranted.

Further, it has long been the prerogative of this branch of the Court to ensure that actions are resolved within 12–14 months of the date they are filed. ECF No. 5 at 1. This is consistent with the Court's discretion to control discovery and its power over scheduling under the Federal Rules, and in particular the admonishment of Rule 1 that the Court has a duty to ensure the "just, speedy, and inexpensive determination of every action." *Id.* (quoting Fed. R. Civ. P. 1). Mothballing a case while Defendants' motion to dismiss is briefed and the Court issues its decision would countermand that goal, particularly because the Court has already set a dispositive motions deadline of January 7, 2025, which is firm in the event the motion to dismiss is unsuccessful. ECF No. 19.

Accordingly,

**IT IS ORDERED** that Defendants Eric Wood and Tailored Label Products, Inc.'s Civil Local Rule 7(h) expedited motion to stay discovery, ECF No. 29, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2024.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge