# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRADY CORPORATION and BRADY WORLDWIDE, INC., | |
| Plaintiffs, | Case No. 24-CV-265-JPS |
| v. | |
| ERIC WOOD and TAILORED LABEL PRODUCTS, INC., | **ORDER** |
| Defendants. | |

Before the Court is Plaintiffs Brady Corporation and Brady Worldwide, Inc.'s ("Plaintiffs" or "Brady") motion for a protective order under Federal Rule of Civil Procedure 26(c), requesting that the Court adjourn Brady's 30(b)(6) deposition, noticed for December 23, 2024. ECF No. 38. Defendants Eric Wood and Tailored Label Products, Inc. ("Defendants") opposed the motion and requested that the Court extend the dispositive motion deadline, which is currently January 7, 2025. ECF No. 40. For the reasons stated herein, Plaintiffs' motion will be denied as moot, each party will bear its own costs related to the motion, and the dispositive motion deadline will be extended.

The Court may enter protective orders related to discovery "for good cause" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). While the Court "enjoy[s] extremely broad discretion in controlling discovery," *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013), it may only issue a protective order under Rule 26 "for good cause," Fed. R. Civ.

P. 26(c)(1). "The movant bears the burden of showing 'good cause.'" *Tuszkiewicz v. Allen Bradley Co., Inc.*, 170 F.R.D. 15, 16 (E.D. Wis. 1996) (citing *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987); *Nowaczyk v. Matingas*, 146 F.R.D. 169 (N.D. Ill. 1993)).

The Court need not analyze whether good cause existed to adjourn the deposition in this instance because the noticed date, December 23, 2024, has passed, rendering Plaintiffs' motion moot. Plaintiffs effectively mooted their own motion by (1) filing it at 7:57 PM on a Friday night when the deposition at issue was noticed for 9:00 AM the following Monday, and (2) failing to move under Local Rule 7(h) on an expedited basis. ECF No. 38. Because Plaintiffs did not file their motion under Rule 7(h), the regular briefing schedule applied, and Defendants had 21 days to file their response. Civ. L.R. 7(b). Despite this, Defendants responded by 8:58 AM on December 23, 2024. ECF No. 40. While the window for Plaintiff's reply has not yet passed, the Court may address the motion because it is moot. *See, e.g., Nalco Chem. Co. v. Hydro Tech., Inc.*, 148 F.R.D. 608, 610 (E.D. Wis. 1993) (dismissing a moot motion despite it not being fully briefed).

Even if the motion *had* been filed on an expedited basis under Local Rule 7(h), the Court would not have granted it. Plaintiffs argue that Defendants' notice for Brady's corporate representative deposition would place undue burden on them, insinuating that the notice was unreasonable. *See* ECF No. 38 at 3–4. A court's analysis for whether a deposition notice is reasonable as required by Federal Rule of Civil Procedure 30(b)(1) "is necessarily case-specific and fact-intensive." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005). The facts presented here demonstrate that Plaintiffs were at least as responsible as Defendants for any alleged harm caused by the 30(b)(6) deposition notice. While the Court

recognizes that serving 41 topics for a 30(b)(6) deposition with only eleven business days before the deposition could cause problems, ECF No. 41-4, Plaintiffs exacerbated those problems by failing to object to the topics until *two business days* before the deposition was noticed. ECF No. 38-1 at 3; ECF Nos. 41-1 and 41-7. Plaintiffs further contributed to the short timeframe by delaying nearly three weeks to provide Defendants with the requested witness availability. *See* ECF Nos. 41-1, 41-2, and 41-3.

The Court notes that all the discovery and scheduling issues cited by both parties appear to be caused by the parties' decision to delay scheduling key depositions until after the Court's disposition of Defendants' motion to dismiss, which was granted in part and denied in part on December 2, 2024. ECF No. 35; *see generally* ECF No. 38-1 (demonstrating correspondence about depositions beginning no earlier than November 6, 2024). The parties' delay in conducting key discovery is particularly troubling because the Court denied Defendants' motion to stay discovery pending the disposition of their motion to dismiss. ECF No. 32. Plaintiffs' conduct is especially concerning because they opposed Defendants' motion to stay, indicating that it was unnecessary and asserting that "[s]taying discovery . . . would likely make compliance with" the January 7, 2025, dispositive motion deadline "impossible." ECF No. 31 at 2. This has proven true; Defendants informally moved the Court to extend the dispositive motion deadline in their response to Plaintiffs' motion. ECF No. 40 at 1–2 ("Defendants request that the Court . . . adjourn and extend the January 7, 2025 dispositive motion deadline to allow Defendants sufficient time to take Brady's Rule 30(b)(6) deposition").

Both parties request that the Court award them fees associated with filing or opposing this motion. ECF No. 38 at 5; ECF No. 40 at 6. Rule

37(a)(5) applies to awards of expenses for the instant motion. Fed. R. Civ. P. 26(c)(3). If the motion is denied, Rule 37 provides that a court "must . . . require the movant, the attorney filing the motion, or both to pay" the reasonable expenses to the party that opposed the motion. However, the Court "must *not* order this payment if . . . circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). First, the Court need not award fees at all, because it will deny Plaintiffs' motion as moot, rather than on the merits. Further, given Defendants' own contributions to the scheduling issues necessitating the motion, the Court finds that awarding them fees would be unjust. Defendants, clearly aware of looming scheduling issues due to the upcoming deadline and the holidays, *see* ECF Nos. 41-2 and 41-1, failed to move the Court to extend the dispositive motion deadline. Defendants also failed to affirmatively send Plaintiffs their proposed topics for Brady's 30(b)(6) deposition until eleven business days before it was scheduled, despite knowing how lengthy the list would be. *See* ECF No. 41-5. Further, Plaintiffs and Defendants alike failed to comply with Rule 30(b)(6)'s meet-and-confer requirement with a reasonable time allowed for resolving pending issues.

The Court presumes that Brady's 30(b)(6) deposition did not occur on December 23, 2024, given Defendants' representations in its response brief. ECF No. 40 at 1–2 (requesting that the Court extend the dispositive motion deadline *so that* Defendants may take Brady's 30(b)(6) deposition). It will, accordingly, extend the dispositive motions deadline to **Thursday, February 6, 2025** to allow for the parties to complete any discovery necessary to briefing Defendants' anticipated motion for summary judgment.

Page 4 of 5
Case 2:24-cv-00265-JPS    Filed 01/02/25    Page 4 of 5    Document 43

Accordingly,

**IT IS ORDERED** that Plaintiffs Brady Corporation and Brady Worldwide, Inc.'s Motion for Protective Order Related to Rule 30(b)(6) Notice of Corporate Representative Deposition, ECF No. 38, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the January 7, 2025 dispositive motion deadline be and the same is hereby **ADJOURNED** and **RESET** to **February 6, 2025**; Defendants shall file any such motion and accompanying documents in accordance with the procedures set forth in the Court's pretrial order on or before **February 6, 2025**.

Dated at Milwaukee, Wisconsin, this 2nd day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge