UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRADY CORPORATION
and BRADY WORLDWIDE, INC.

      Plaintiffs,

  v.

ERIC WOOD
and TAILORED LABEL PRODUCTS,
INC.,

      Defendants.

Case No. 24-CV-265

## DECISION AND ORDER ON PLAINTIFFS' MOTION CHALLENGING DEFENDANTS' DESIGNATION OF MATERIALS AS ATTORNEYS' EYES ONLY

Plaintiffs Brady Corporation and Brady Worldwide, Inc. ("Brady") and Defendants Eric Wood and Tailored Label Products, Inc. ("TLP") are competitors in the design and manufacture of custom labels. Wood was a former senior-level employee of Brady. Wood subsequently left Brady to become TLP's president. Brady alleges that TLP recruited Wood because of Wood's knowledge of Brady's confidential information. Brady alleges that TLP has unlawfully acquired and used Brady's confidential information and trade secrets and brings several claims against the defendants, including breach of contract and violation of federal and state laws protecting trade secrets.

On July 3, 2024, the parties entered into a protective order that allowed for the designation of documents as Attorneys' Eyes Only ("AEO") if a party in good faith believes the documents contain sensitive trade secrets or other nonpublic confidential information. On February 14, 2025, Brady filed a motion challenging Defendants' designation of

approximately fifty pages of discovery materials as AEO. (Docket # 85.) The documents at issue are Bates Nos. TLP000257 to TLP000258, TLP000376, TLP001520 to TLP001573, TLP001620 to TLP001623, and TLP001869 to TLP001870. Judge J.P. Stadtmueller referred the motion to me for resolution.

Brady represents that these documents contain the names of customers that TLP established after Wood interviewed with TLP on March 1, 2023, customers that Wood himself contacted since March 1, 2023 to sell labeling products, and TLP's top forecasted accounts for 2024, after Wood became TLP's president. Brady argues that restricting these documents to AEO renders them essentially meaningless because Brady's representatives, rather than Brady's counsel, are best positioned to investigate the extent Brady is losing business on the accounts TLP allegedly misappropriated. Brady argues that it has thousands of accounts and to pinpoint sales Brady lost to TLP without having an overlapping customer lists amounts to a needle in a haystack. Defendants argue, however, that without the AEO designation, TLP is essentially handing over a list of its customers to its competitor. Defendants argue that Brady could use either a neutral third-party or an expert to assist in calculating damages without jeopardizing the AEO designation.

Courts are mindful of balancing the need to preserve the confidentiality of one's customer list and allowing a party to conduct reasonable discovery to prove such claims as breach of contract and misappropriation of trade secrets. *See, e.g.*, *Sabre Indus., Inc. v. Waller*, No. 18-2111, 2020 WL 12814252 (C.D. Ill. July 15, 2020); *Dutch Valley Growers, Inc. v. Rietveld*, No. 16-2085, 2016 WL 10789404 (C.D. Ill. Oct. 17, 2016); *Seaga Mfg., Inc. v. Fortune Res. Enterprises, Inc.*, No. 99 C 50332, 2002 WL 31399408 (N.D. Ill. Oct. 24, 2002). For example, in *Sabre*, Sabre sued its former employee, Waller, and Waller's new company, APS,

alleging Waller formed APS as a competing business while still employed by Sabre. Sabre alleged Waller violated his non-compete agreement. Sabre sought a full list of APS' customers and customer invoices. Sabre argued that it should be permitted to compare APS' customer list to determine if the list included any additional Sabre customers other than two it already knew about. The court found that the only way for Sabre to identify any other former customers was to compare APS' customer list to Sabre's customer list. The court found that APS' customer list was relevant to Sabre's breach of contract claim. However, the court was sympathetic to the fact that APS' customer list contained confidential information. Thus, the court concluded as follows:

> In order to both preserve the confidentiality of APS's customer list and to allow Sabre reasonable discovery to identify any overlapping clients, the Court compels APS to disclose its customer list to Sabre's counsel within 7 days of this order and that the document be restricted to attorneys' eye only. Sabre's counsel can then compare APS's customer list with Sabre's customer list and identify any matching customers. All remaining customers of APS's list will remain confidential and will not be identified to Sabre.

2020 WL 12814252, at *3. *Sabre* stands in contrast to cases such as *Bussing v. COR Clearing, LLC*, 8:12CV238, 2015 WL 4077993 (D. Neb. July 6, 2015) and *Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552 (C.D. Cal. 2007), where the courts found that the client lists did not appear to be critical to prosecution of the plaintiff's claims.

In this case, I agree that TLP's customer list is relevant to Brady's central claims that Wood and TLP unlawfully misappropriated and used Brady's confidential information and/or trade secrets. I further find that allowing the customer list to remain AEO will impede Brady from prosecuting its claims. I held a hearing on March 14, 2025 via Zoom on Brady's motion. Having considered the parties' briefs, the relevant authorities, and the arguments presented during the Zoom videoconference, the Court hereby **ORDERS** as follows:

1. The following documents shall remain designated as Attorneys' Eyes Only under the Protective Order entered in this case: TLP000257 to TLP000258, TLP000376, TLP001520 to TLP001573, TLP001620 to TLP001623, and TLP001869 to TLP001870.

2. Counsel for Plaintiffs shall be permitted to use the above-referenced documents, as well as any other documents reflecting the identities of Defendants' customers, to compile a list of overlapping customers shared between Plaintiffs and Defendants (the "Overlapping Customer List").

3. The Overlapping Customer List shall reflect only the identities of overlapping customers shared between Plaintiffs and Defendants, and no other information.

4. In addition to any other disclosures of Attorneys' Eyes Only information permitted under Section (B)(2) of the Protective Order entered in this case, counsel for Plaintiffs may disclose the Overlapping Customer List to the following non-attorney Brady representatives: (1) Brien Christopherson; and (2) Jon Ducett (the "Brady Representatives"). Counsel for Plaintiffs, Christopherson, and Ducett shall not disclose the Overlapping Customer List or the identities of overlapping customers thereon to any other non-attorney Brady representative not permitted under Section (B)(2) of the Protective Order entered in this case. The Brady Representatives shall not use the Overlapping Customer List for any purpose other than for the purposes of this litigation.

5. Counsel for Plaintiffs must provide the Overlapping Customer List to counsel for Defendants.

6. Consistent with the parties' continuing obligation to supplement discovery, *see* Fed. R. Civ. P. 26(e), this Order applies to any other customer identity information that will be produced by Defendants in this case. If counsel for Plaintiffs identifies any additional

overlapping customers and adds those customers' identities to the Overlapping Customer List, then counsel for Plaintiffs shall promptly produce the updated Overlapping Customer List to counsel for Defendants.

Dated at Milwaukee, Wisconsin, this 1st day of April, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

5

Case 2:24-cv-00265-JPS    Filed 04/01/25    Page 5 of 5    Document 92